IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RICHARD MARSH,<br>Reg No. 59857-510, | )<br>)<br>) | |
| Petitioner, | )<br>) | |
| v. | )<br>) | CASE NO. 2:25-CV-343-WKW |
|  | ) | [WO] |
| WARDEN WASHINGTON, | )<br>) | |
| Respondent. | )<br>) | |

## **ORDER**

Petitioner Richard Marsh, proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. # 1.) His petition is deficient, however, because it lacks a signature under penalty of perjury, as required by Rule 2(c) of the *Rules Governing Section 2254 Cases in the United States District Courts*.[1] To permit Petitioner to correct this deficiency, the court entered Orders on May 23, 2025 ("May 23 Order"), and June 25, 2025 ("June 25 Order"). The initial Order set a deadline of June 23, 2025—which was later extended to July 16, 2025—for Petitioner to file an amendment to the petition demonstrating that the allegations are signed under penalty of perjury. (*See* Docs. # 2, 4.) The May 23 Order also required

---

[1] Rule 2(c) applies to 28 U.S.C. § 2241 petitions under Rule l(b) of the *Rules Governing Section 2254 Cases in the United States District Courts*. *See also* 28 U.S.C. § 2242 (requiring that a § 2241 petition be "signed and verified by the person for whose relief it is intended").

Petitioner to notify the court of any address change within fourteen days and cautioned him that failure to comply would result in dismissal without further notice for failure to prosecute and comply with an Order of the court. (Doc. # 2 at 2.) These Orders were not returned to the court as undeliverable. Nevertheless, Petitioner failed to comply with the imposed deadlines.

Because Petitioner failed to comply with the court's Orders, this Petition will be dismissed without prejudice. A district court "may . . . dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases." *McNair v. Johnson*, 143 F.4th 1301, 1306–07 (11th Cir. 2025) (cleaned up). The authority of courts to impose sanctions for failure to comply with court orders and failure to prosecute is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted).

A court's dismissal under its inherent authority "can be either with or without prejudice to refiling." *McNair*, 143 F.4th at 1306. Dismissal with prejudice as a sanction "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-*

*Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)); *accord McNair*, 143 F.4th at 1306. "A dismissal *without* prejudice, by contrast, doesn't require a finding of willfulness or bad faith because its consequences are less severe." *McNair*, 143 F.4th at 1306 (emphasis in original).

In this instance, Petitioner has not complied with the May 23 and June 25 Orders, despite their express directives and warning that failing to meet the deadlines would result in dismissal of this action. Consequently, this action will be dismissed without prejudice. Although not required for such a dismissal, the court finds a clear record of delay, given the extended period of non-compliance and the notice provided. It further concludes that no lesser sanction than dismissal would be effective. *See id.*

Based on the foregoing, it is ORDERED that the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 is DISMISSED without prejudice.

Final judgment will be entered separately.

DONE this 12th day of August, 2025.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE